UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
MARK PRIETO,

                        Plaintiff,

            - against -

ELECTION.COM, et al.,

                        Defendants.
---------------------------------------------------------X

**ORDER**

CV 04-4413 (DRH) (JO)

**JAMES ORENSTEIN, Magistrate Judge:**

      On March 28, 2005, counsel for the defendants requested a "short stay" of discovery pending resolution of a motion to dismiss.  Docket Entry ("DE") 24 at 3.  In doing so, he identified the standard by which a court determines the existence of "good cause" that gives it discretion to order such a stay.  In particular, counsel wrote that one of the tests of "good cause" is whether the requested stay is "for a short period of time[.]"  *Id*. (quoting *Spencer Trask Software and Information Services LLC v. Rpost Int'l Ltd*., 206 F.R.D. 367, 368 (S.D.N.Y. 2002)).  By order dated April 1, 2005, I denied the application.

      On November 3, 2005, counsel again requested a stay, although this time not a short one: instead, counsel requested that the discovery deadline be adjourned *sine die*.  DE 37.  The next day, in light of the time sensitivity of the circumstances counsel described in his letter, I acted on the request.  Specifically, having immediately noticed that the application was not made in conformity with my individual practice rules, rather than awaiting a reply, I promptly denied the application without prejudice to renewal in conformity with the applicable rules.

      Counsel thereafter inexplicably waited a full week before submitting the renewed request – which was virtually a verbatim repetition of his earlier letter – on a federal holiday when the court was closed.  *See* DE 38.  Pursuant to my individual practice rules, the plaintiff had until the

end of November 16, 2005, to submit a response. Before that time to respond had expired, the defendants' counsel called chambers to inquire about the disposition of his application. Upon being told that I was awaiting a response before making a decision, counsel expressed his dissatisfaction to my law clerk. Plaintiff's counsel has since submitted a timely response. DE 39.

The instant application essentially seeks reconsideration of my earlier ruling denying similar relief. As such, it implicates Local Civil Rule 6.3, the requirements of which the defendants neither acknowledge nor satisfy. *See Almonte v. City of Long Beach* 2005 WL 1971014 (E.D.N.Y. Aug. 16, 2005) (discussing standard for granting reconsideration). Moreover, the application now before does not even meet the substantive legal that the defendants themselves have previously argued should govern my decision: by seeking an adjournment of the discovery of indefinite length, they plainly cannot demonstrate that the stay is "for a short period of time." Whether that fact does or doesn't legally preclude me from exercising discretion to order a stay is immaterial, as I would exercise my discretion to deny the requested relief in any event. The fact that the applicants themselves have previously taken a legal position that would bar the relief they now seek – like the fact that they have ignored their change of position – merely bolsters my confidence that I have reached the correct result.

For the reasons set forth above, the defendants' third application to stay discovery is denied.

**SO ORDERED.**

Dated: Central Islip, New York
November 16, 2005

/s/ James Orenstein
JAMES ORENSTEIN
United States Magistrate Judge